HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENNIVEIVE JACOBS,

    Plaintiff,

v.

GLADYS YOUNG,

    Defendants.

CASE NO. 2:22-CV-00108-RAJ

ORDER

This matter comes before the Court on Plaintiff Genniveive Jacobs's Motion for Reconsideration ("Motion"). Dkt. # 11. For the reasons that follow, the Court **DENIES** the Motion and **DISMISSES** Plaintiff's complaint with leave to amend. Dkt. # 5.

Plaintiff filed this action against Defendant Gladys Young, whom Plaintiff claims is an FBI agent based in Kentucky. Dkt. # 5. In bringing this claim, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 4. In her complaint, Plaintiff alleges that Defendant promised Plaintiff a "grant" to help her pay bills and living expenses. *Id.* at 5. Plaintiff seeks payment of the grant, an additional payment of $575,000, counseling fees, and a Mercedes Benz car as relief. *Id.* Plaintiff has previously filed several cases against other individuals, including the Attorney General of Oregon, alleging that those individuals

have failed to pay her "grants." *See Jacobs v. Rosenblum*, Case No. C19-1716-RAJ; *Jacobs v. Mahin*, Case No. 2:22-cv-00107-DGE; *Jacobs v. Williams*, Case No. 21-cv-999-DGE.

On March 2, 2022, Plaintiff filed proof of service indicating that Defendant was served in Kentucky via certified mail. Dkt. # 8. Soon thereafter, Plaintiff filed a motion requesting the entry of a default judgment against Defendant. Dkt. # 9. On March 29, 2022, this Court denied Plaintiff's request for entry of a default order because service by certified mail does not constitute proper service upon an individual as required by Federal Rule of Civil Procedure 4(e). Dkt. #10. On April 15, 2022, Plaintiff filed the instant Motion seeking reconsideration, arguing that Defendant is aware of the instant lawsuit and has provided written acknowledgement of such under RCW 12.04.120. Dkt. # 11 at 2.[1]

*Request for Reconsideration*

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Plaintiff has failed to meet this standard.

Plaintiff claims that Defendant has provided written acknowledgement of receipt of the summons and that this is complete proof of service, citing RCW 12.04.120. Rule 4(e) provides that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). RCW 12.04.120 provides that "[t]he written admission of the defendant. . . indorsed upon any summons, complaint and notice, or other paper, shall be complete proof of any service."

---

[1] The Court notes that Plaintiff's Motion for Reconsideration was untimely under Local R. W.D. Wash 7(h)(2). Nevertheless, the Court will address the merits of the Motion.

ORDER - 2

RCW 12.04.120. Plaintiff appears to argue that the certified mail receipt which includes the signature of "Gladys Young" is a "written admission of the defendant" and complete proof of service under Washington law. However, the statute that Plaintiff cites applies to service of process in Washington's District Courts, which are courts of *limited* jurisdiction. *See* RCW 3.02.010. Federal Rule 4(e), on the other hand, requires either personal service of the summons and complaint, leaving a copy at an individual's dwelling, deliverance to an agent authorized to receive service of process, or adherence to state law for serving a summons brought in a court of *general* jurisdiction. Fed. R. Civ. P. 4(e). Plaintiff has not provided proof that Defendant has been served in accordance with Rule 4, and Plaintiff's Motion presents no reasoning that would compel the Court to change its prior order denying Plaintiff's request for the entry of a default order.

*Deficiencies in the Complaint*

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case "at any time" if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to

assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 568. Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the complaint fails to state a claim showing that Plaintiff is entitled to relief as to Defendant Gladys Young. While Plaintiff claims that Defendant has unlawfully withheld a "grant," the complaint provides few details beyond that bare allegation. For example, Plaintiff alleges, "Ms. Young promised to deliver my grant and hasn't, while demanding more fees to be paid, knowing I've already paid and didn't have a job." Dkt. # 5 at 5. However, the complaint fails to provide sufficient allegations explaining why Defendant owed Plaintiff a grant, how Defendant's actions constituted a breach of contract, or even the nature of the alleged underlying contract itself. Even giving due deference to Plaintiff's *pro se* status, her complaint fails to state a claim showing that she is entitled to relief.

//
//
//
//
//
//
//
//
//
//

Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's complaint fails to state a valid claim for relief. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration and **DISMISSES** Plaintiff's complaint without prejudice. Within **twenty-one (21) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if she files an amended complaint that does not state a cognizable claim for relief, the Court will dismiss the action with prejudice.

Dated this 7th day of October, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge